# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

          Plaintiff,

     v.

M. NIETO, *et al.*,

          Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 09-8244 DSF (JCG)

MEMORANDUM AND ORDER
DISMISSING FIRST AMENDED
COMPLAINT WITH LEAVE TO FILE A
SECOND AMENDED COMPLAINT
WITHIN THIRTY DAYS

## I.

## PROCEEDINGS

On November 23, 2009, plaintiff William Rouser ("Plaintiff"), a California prisoner proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983.[1]  On December 14, 2009, pursuant to the provisions of the Prison Litigation Reform Act, the Court screened the Complaint and found it wanting in several significant respects:  (1) Plaintiff failed to state a claim under 42 U.S.C. § 1983; (2) Plaintiff failed to state a claim based on the processing of his grievances; (3) all defendants were immune from liability in their official capacities; (4) the factual

---

[1] Plaintiff is currently incarcerated at California State Prison, Los Angeles County ("CSP-LA").  (Compl. at 1.)

allegations in the Complaint failed to state a claim against two of the defendants; and (5) Plaintiff failed to fully exhaust his administrative remedies. (Court's Dec. 14, 2009 Order at 5-11.) Accordingly, the Court dismissed the Complaint, but granted Plaintiff leave to amend. (*Id.* at 12.)

On January 14, 2010, Plaintiff filed a First Amended Complaint ("FAC") against nine defendants:

(1) Warden Haws[2];

(2) Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation ("Secretary Cate");

(3) E. Goodloe, mail room supervisor at CSP-LA ("Supervisor Goodloe");

(4) John Doe, appeals coordinator at CSP-LA ("Appeals Coordinator");

(5) John Doe, assignment lieutenant at CSP-LA ("Assignment Lieutenant");

(6) P. Boetsch, law librarian at CSP-LA ("Librarian Boetsch");

(7) M. Nieto, correctional officer at CSP-LA ("Officer Nieto");

(8) T. Phan, correctional officer at CSP-LA ("Officer Phan"); and

(9) Captain Fortson, captain at CSP-LA. (FAC at 2-4.)

Each of the defendants is sued in his or her individual capacity only. (*Id.*)

As detailed below, the FAC continues to suffer from a number of infirmities, and again merits dismissal. The Court shall afford Plaintiff leave to amend, but Plaintiff is cautioned that, if he fails to comply with the requirements set forth in both the Court's earlier Order of December 14, 2009 and now this Order, the Court may recommend that this action be dismissed with prejudice.

**II.**

**ALLEGATIONS OF THE COMPLAINT**

In a prolix and obscure manner, Plaintiff attempts to set out three claims for

---

[2] Warden Haws is no longer the warden of CSP-LA. However, Plaintiff alleges that Warden Haws was the warden of CSP-LA at all times relevant to the FAC. (FAC at 2.)

relief based on five separate incidents or series of incidents that allegedly occurred at CSP-LA.  For ease of reference, each of these incidents is summarized below.

### A.    Denial of Access to Law Library

Plaintiff contends that Librarian Boetsch denied him access to the law library at CSP-LA.  (FAC at 4.)  Plaintiff alleges that on August 7, 2009, Plaintiff was transferred from Pleasant Valley State Prison to CSP-LA.  (*Id.*)  At that time, Plaintiff was proceeding *pro se* in six court cases and retained "PLU" (preferred legal usage) status because he had "legal deadlines" within thirty days.  (*Id.*)

Plaintiff alleges that he sent requests to Librarian Boetsch for permission to use the library, but Boetsch never responded.  (FAC at 4.)  Plaintiff further claims that he "was denied law library access two and three weeks at a time," and when he was granted permission, "it was never more th[a]n two hours a week." (*Id.*)  Plaintiff states that he submitted three "602" grievances in response to the denial of library access. (*Id.*)  The number "602" refers to a specific California Department of Corrections form used by inmates to lodge grievances.

### B.    Denial of Employment

On August 19, 2009, Plaintiff alleges that he went to "Classification" to apply for a job.  (FAC at 4.)  Plaintiff was placed on a "workers waiting list for support services and a clerk position[.]"  (*Id*. at 4-5.)  However, Plaintiff contends that the Assignment Lieutenant "refused to give Plaintiff a job[,]" and instead awarded jobs to other individuals who should not have been hired before Plaintiff – in Plaintiff's opinion.  (*Id.*)  In protest, Plaintiff states that he filed four grievances and two "inmate request slips[.]"  (*Id.*)

### C.    Removal From the Inmate Advisory Committee

Plaintiff alleges that Warden Haws and Captain Fortson conspired to deny Plaintiff's equal protection and due process rights by "removing Plaintiff from the" Inmate Advisory Committee ("IAC"), even though he was "u[na]nimously" voted onto the IAC by "every eligible inmate."  (FAC at 5.)  Plaintiff claims that Warden Haws

and Captain Fortson then placed other inmates onto the IAC "who had not been voted in by the inmate population[.]"  (*Id.*)  Plaintiff avers that he sent separate grievances regarding his removal from the IAC to Captian Fortson, Warden Haws, and the Appeals Coordinator.  (*Id.*)

> **D.**     <u>Mishandling of Plaintiff's Legal Mail</u>

Plaintiff contends that his legal mail was improperly opened and delayed by the "mailroom" and/or "defendants[.]"  (FAC at 5, 9.)  Plaintiff alleges the following instances of misconduct:  (1) a letter from his attorney at the "Jones Day Law Firm[,]" which was protected by the attorney client privilege, was opened and held "for weeks" before being "sent ... to plaintiff through regular mail"; (2) an extension of time from Sacramento Superior Court was opened and sent to Plaintiff through "regular" mail; (3) Plaintiff missed his deadline to file a "[p]etition for review" because he did not receive the California Court of Appeal's "denial of writ" until after the deadline had passed; and (4) Plaintiff missed his deadline to file objections to a "Deposition Subpoena" because he did not receive "a letter" until after the objections deadline had passed.  (*Id.* at 5-6.)

Plaintiff contends that these incidents interfered with his "ability to litigate and access the courts."  (FAC at 6.)  Plaintiff claims that when he filed a grievance concerning "this issue[,] Plaintiff's legal mail was ... held longer and longer and given to him ... opened."  (*Id.* at 5.)

> **E.**     <u>Attempt to Incite Other Inmates Against Plaintiff</u>

Plaintiff alleges that Officer Nieto purposely and maliciously took Plaintiff's "grievance out of the mail" and denied Plaintiff's ability to file it.  (FAC at 6.) Plaintiff further alleges that Officer Nieto then conspired with Officer Phan "to incite inmates against" Plaintiff by "inferr[ing] ... that he was ... snitching[.]"  (*Id.*)  Plaintiff avers that this was meant to "intimidate and threaten" Plaintiff from filing grievances. (*Id.*)

1    F.    <u>Plaintiff's Alleged Constitutional Claims</u>

2    Based on the above incidents, Plaintiff purports to allege three claims for relief:

3    First, Plaintiff alleges a violation of the First Amendment and his "Right to

4    Petition the Government for a Redress of Grievance[.]"  (FAC at 7.)

5    Second, Plaintiff alleges a violation of the Eighth Amendment's prohibition

6    against cruel and unusual punishment based upon Officers Nieto's and Phan's

7    "attempt[s] ... to incite[] inmates to attack Plaintiff[.]"  (FAC at 8.)

8    Third, Plaintiff alleges violations of due process and equal protection based

9    upon:  (1) the mishandling of Plaintiff's legal mail; (2) the denial of employment to

10   Plaintiff; (3) Plaintiff's removal from the IAC; and (4) "defendants" refusal to "answer

11   or return" Plaintiff's 602 grievances.  (FAC at 8-9.)

12                                   **III.**

13                            **<u>LEGAL STANDARDS</u>**

14   The Prison Litigation Reform Act obligates the Court to review complaints filed

15   by all persons proceeding *in forma pauperis*, and by those, like Plaintiff, who are

16   "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated

17   delinquent for, violations of criminal law or the terms or conditions of parole,

18   probation, pretrial release, or diversionary program."  *See* 28 U.S.C. §§ 1915(e)(2)-(h)

19   and 1915A.  Under these provisions, the Court must *sua sponte* dismiss any prisoner

20   civil rights action and all other *in forma pauperis* complaints, or any portions thereof,

21   which are frivolous or malicious, fail to state a claim, or seek damages from defendants

22   who are immune.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

23   (*en banc*).  Dismissal for failure to state a claim "can be based on the lack of a

24   cognizable legal theory or the absence of sufficient facts alleged under a cognizable

25   legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988, *as*

26   *amended* Feb. 27, 1990 and May 11, 1990).

27   Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and

28   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

P. 8(a).  While Rule 8 does not require "detailed factual allegations," a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.*  Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads enough factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that: (1) the conduct he complains of was committed by a person acting under color of state law; and (2) that the conduct violated a right secured by the Constitution or laws of the United States.  *Humphries v. County of Los Angeles*, 554 F.3d 1170, 1184 (9th Cir. 2009, *as amended* Jan. 15, 2009 and Jan. 30, 2009), *cert. granted in part*, 130 S.Ct. 1501 (2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV.

## DISCUSSION

A.    <u>Plaintiff Fails to State a Claim Against Secretary Cate, Supervisor Goodloe, and the Appeals Coordinator</u>

Although the Complaint names Secretary Cate, Supervisor Goodloe, and the Appeals Coordinator as defendants, Plaintiff fails to allege any specific conduct or personal involvement by these defendants in the incidents giving rise to Plaintiff's constitutional claims.  "In order for a person acting under color of state law to be liable under section 1983[,] there must be a showing of personal participation in the alleged rights deprivation:  there is no respondeat superior liability under section 1983."  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *see also Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

At most, the FAC's allegations suggest that these defendants acted as

1   supervisors and/or overseers of other individuals who may have caused Plaintiff's

2   alleged injuries.  But such allegations are insufficient to state a claim under § 1983.

3   Plaintiff must allege that each defendant was personally involved in the alleged

4   deprivation of a constitutional right.  *Jones*, 297 F.3d at 934; *see also Ewing*, 588 F.3d

5   at 1235; *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (*en*

6   *banc*), *cert denied*, 502 U.S. 1074 (1992) (supervisor only liable under § 1983 if (1) he

7   or she was personally involved in constitutional deprivation, or (2) a sufficient causal

8   connection exists "between the supervisor's wrongful conduct and the constitutional

9   violation").  Accordingly, the Court finds that Plaintiff's claims against Secretary Cate,

10  Supervisor Goodloe, and the Appeals Coordinator must be dismissed for failure to

11  state a claim upon which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and

12  1915A.

13          B.      <u>Plaintiff Fails to State a Due Process or Equal Protection Claim Based</u>

14                  <u>Upon the Denial of Employment</u>

15          Plaintiff claims that his due process and equal protection rights were violated

16  when the Assignment Lieutenant denied Plaintiff a job, and instead provided jobs to

17  other individuals who should not have been hired before Plaintiff.  (FAC at 4-5, 8-9.)

18          However, the "requirements of procedural due process apply only to the

19  deprivation of interests encompassed by the Fourteenth Amendment's protection of

20  liberty and property."  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569

21  (1972); *Coakley v. Murphy*, 884 F.2d 1218, 1220 (9th Cir. 1989) ("A due process

22  claim is cognizable only if there is a recognized liberty or property interest at stake.").

23          And it is well established that a prisoner's "expectation of keeping [or obtaining]

24  a particular prison job" does not implicate any "property" or "liberty" interest that is

25  "entitled to protection under the due process clause."  *See Bryan v. Werner*, 516 F.2d

26  233, 240 (3d Cir. 1975); *see also Coakley*, 884 F.2d at 1220-1221 (prisoner has no

27  liberty or property interest to continue in a work release program); *McIntyre v. Bayer*,

28  72 Fed.Appx. 674, 674 (9th Cir. 2003) ("prisoners do not have a constitutional right to

1    prison employment[]"); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (*per*

2    *curiam*) ("inmates have no constitutional right to be assigned to a particular job[]");

3    *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (*per curiam*) ("[t]he

4    Constitution does not create a property or liberty interest in prison employment[]");

5    *Lancaster v. Carey*, 2008 WL 3272081, at *2 (E.D. Cal. 2008) ("[i]t is ... well

6    established throughout the federal circuit courts that a prisoner's expectation of

7    keeping a specific prison job, or any job, does not implicate a property or liberty

8    interest under the Fourteenth Amendment[]"); *Gray v. Hernandez*, 651 F.Supp.2d

9    1167, 1186 (S.D. Cal. 2009) ("The due process clause of the Fourteenth Amendment

10   does not create a liberty or property interest in prison employment."). Accordingly,

11   Plaintiff cannot state a due process claim based upon the denial of employment.

12        Plaintiff's equal protection claim also lacks merit. "The Equal Protection Clause

13   of the Fourteenth Amendment commands that no State shall 'deny to any person

14   within its jurisdiction the equal protection of the laws,' which is essentially a direction

15   that all persons similarly situated should be treated alike." *City of Cleburne v.*

16   *Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). To establish an

17   equal protection claim, a plaintiff must plead facts showing that a defendant

18   intentionally discriminated against the plaintiff based on his or her membership in a

19   protected class, or that similarly situated individuals were intentionally treated

20   differently without a rational basis for the difference in treatment. *See Serrano v.*

21   *Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *cert. denied*, 543 U.S. 825 (2004); *see*

22   *also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (*per curiam*). A

23   plaintiff *must* allege facts that establish intentional unlawful discrimination or facts

24   "that are at least susceptible of an inference of discriminatory intent." *Byrd v.*

25   *Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal

26   quotation marks and citation omitted).

27        Here, Plaintiff does not allege that the Assignment Lieutenant denied him a job

28   based on his membership in a protected class, or that he was treated differently than

8

other *similarly situated individuals.*  Plaintiff also fails to allege facts that establish that the Assignment Lieutenant intentionally discriminated against Plaintiff.  Plaintiff simply makes no factual allegations of racial, gender, religious, or other class-based discrimination.  Accordingly, the Court finds that Plaintiff has failed to plead enough factual content to allow the Court "to draw the reasonable inference that" Plaintiff's equal protection rights were violated.  *See Iqbal*, 129 S.Ct. at 1949.

In light of the above, the Court dismisses Plaintiff's due process and equal protection claims, based upon the denial of employment, for failure to state a claim upon which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Furthermore, the Court dismisses the Assignment Lieutenant from this action because the only allegations against him arise out of this claim.

C.   <u>Plaintiff Fails to State a Due Process or Equal Protection Claim Based Upon his Removal from the Inmate Advisory Committee</u>

Plaintiff alleges that Captain Fortson and Warden Haws conspired to deny Plaintiff's due process and equal protection rights by removing Plaintiff from the IAC, "even though he was voted [in] u[na]nimously by every eligible inmate[.]"  (FAC at 5.) Captain Fortson and Warden Haws then allegedly placed other inmates onto the IAC that were not voted in by the inmate population.  (*Id.*)

First, Plaintiff fails to state a due process claim based on his removal from the IAC.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Board of Regents*, 408 U.S. at 569.  Under the Supreme Court's decision in *Sandin v. Conner*, "a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.'"  *Wilson v. Baker*, 2010 WL 2555209, at * 10 (E.D. Cal. 2010) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)).

The Court fails to see how Plaintiff's removal from the IAC could possibly meet

the *Sandin* standard for establishing a due process liberty interest.  The Court finds that

membership on the IAC is not an ordinary incident of prison life, such that removal

from the IAC would constitute an atypical or significant prison hardship.  *See Cooper*

*v. Garcia*, 55 F.Supp.2d 1090, 1098 (S.D. Cal. 1999) (a prisoner does not have a

liberty interest in a family visitation program "because such a program is not an

'ordinary incident of prison life[]'") (citation omitted).

Second, Plaintiff also fails to state an equal protection claim based on his

removal from the IAC.  Plaintiff has not alleged that his removal from the IAC was

based on his membership in a protected class, or that he was treated differently than

other *similarly situated individuals*.  *See Serrano*, 345 F.3d at 1082; *see also Village of*

*Willowbrook*, 528 U.S. at 564.  Plaintiff has also not alleged that Captain Fortson and

Warden Haws intentionally discriminated against Plaintiff in removing him from the

IAC.  *See Byrd,* 565 F.3d at 1212.

Consequently, the Court dismisses Plaintiff's due process and equal protection

claims, based upon Plaintiff's removal from the IAC, for failure to state a claim upon

which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court

also dismisses Warden Haws and Captain Fortson from this action, since the only

allegations against them arise out of these claims.

> D.    <u>Plaintiff Fails to State a Due Process or Equal Protection Claim Based</u>
>       <u>Upon Defendants' Refusal to Answer or Return Plaintiff's 602</u>
>       <u>Grievances</u>

Plaintiff cannot state a due process claim based upon defendants' handling of his

grievances because there is no constitutional right to a prison grievance procedure.  *See*

*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988)

("There is no legitimate claim of entitlement to a grievance procedure."); *Wise v.*

*Washington State Dep't of Corrections*, 244 Fed.Appx. 106, 108 (9th Cir. 2007), *cert.*

*denied*, 552 U.S. 1282 (2008) ("inmate has no due process rights regarding the proper

handling of grievances[]"); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), *cert.*

1    *denied*, 541 U.S. 1063 (2004) ("inmates lack a separate constitutional entitlement to a

2    specific prison grievance procedure[]"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.

3    1993) (prison official's failure to process grievances, without more, is not actionable

4    under § 1983).

5         Plaintiff also fails to state an equal protection claim because he fails to allege

6    that:  (1) the mishandling of his grievances was based upon Plaintiff's membership in a

7    protected class; or (2) his grievances were treated differently than those of other

8    *similarly situated individuals*.  *See Serrano*, 345 F.3d at 1082; *see also Village of*

9    *Willowbrook*, 528 U.S. at 564.

10        Accordingly, the Court dismisses Plaintiff's due process and equal protection

11   claims, based upon the alleged mishandling of Plaintiff's grievances, for failure to state

12   a claim upon which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and

13   1915A.

14        E.    Plaintiff Fails to State an Equal Protection or Due Process Claim Based

15              Upon the Mishandling of Plaintiff's Legal Mail

16        Plaintiff purports to state an equal protection claim based upon the

17   "mailroom['s]" delay in routing Plaintiff's legal mail to the Plaintiff.  (FAC at 8-9.)

18   However, the FAC is devoid of any equal protection allegations relating to Plaintiff's

19   legal mail.  Plaintiff does not allege that:  (1) the "mailroom" delayed Plaintiff's legal

20   mail because of Plaintiff's membership in a protected class; or (2) the "mailroom"

21   treated Plaintiff's legal mail differently from mail of other *similarly situated*

22   *individuals*.  *See Serrano*, 345 F.3d at 1082; *see also Village of Willowbrook*, 528 U.S.

23   at 564.  Plaintiff also fails to allege any facts which would indicate that the "mailroom"

24   intentionally discriminated against Plaintiff in the handling of his legal mail.  *Byrd*,

25   565 F.3d at 1212.  As such, Plaintiff has failed to allege sufficient facts to plead an

26   equal protection claim.

27        The Court also dismisses Plaintiff's due process claim because the FAC fails to

28   specifically identify any defendant who was personally involved in the alleged

11

1   mishandling of Plaintiff's legal mail.  At most, the FAC identifies the "mailroom" or

2   "defendants" as the alleged perpetrators.  (*See* FAC at 5-6, 8-9.)  The Court finds that

3   such allegations are not adequate to allow the Court "to draw the reasonable inference

4   that [any] defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

5       Consequently, the Court dismisses Plaintiff's due process and equal protection

6   claims, based upon the alleged mishandling of Plaintiff's legal mail, for failure to state

7   a claim upon which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and

8   1915A.

9       F.   <u>Plaintiff Fails to State a Claim Against Librarian Boetsch</u>

10      Plaintiff specifically names Librarian Boetsch as a defendant in the "PARTIES"

11  section of the FAC, and further sets out facts in the "FACTS" section of the FAC in an

12  apparent attempt to set out an "Access to the Courts" claim.  (FAC at 3, 5-6.)  But

13  inexplicably, Plaintiff omits any specific mention or reference to his "law library"

14  claim in any of his claims for relief.  Nor does Plaintiff allege anywhere in the FAC

15  that he is claiming a denial of "Access to the Courts" based upon Librarian Boetsch's

16  alleged misconduct.  Accordingly, the Court dismisses Plaintiff's claims against

17  Librarian Boetsch, to the extent any have been plead, for failure to state a claim upon

18  which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

19      If Plaintiff desires to amend the FAC to include an "Access to the Courts" claim,

20  Plaintiff must allege, in addition to what is already alleged in the FAC, that he suffered

21  an actual injury as a result of the alleged denial of access to the law library.  In other

22  words, Plaintiff must show that Librarian Boetsch's conduct caused Plaintiff "actual

23  prejudice with respect to contemplated or existing litigation, such as the inability to

24  meet a filing deadline or present a claim." *Lewis v. Casey*, 518 U.S. 343, 349 (1996)

25  (internal quotation marks and citation omitted).

26                          **V.**

27                  <u>**LEAVE TO AMEND**</u>

28      The Court must construe "pro se pleadings ... liberally ..., particularly where

                          12

civil rights claims are involved." *Balistreri*, 901 F.2d at 699.  But "a liberal

interpretation of a civil rights complaint may not supply essential elements of the claim

that were not initially pled."  *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d

266, 268 (9th Cir. 1982).  Accordingly, *pro se* litigants must be given leave to amend

unless it is absolutely clear that the deficiencies in a complaint cannot be cured.  *Lucas*

*v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*).  As the Court is

unable to determine whether amendment to the FAC would be futile, leave to amend is

granted in an abundance of caution.

By August 9, 2010, Plaintiff may submit a Second Amended Complaint to cure

the deficiencies discussed above.  The Clerk of Court will mail Plaintiff a

court-approved form to use for filing the Second Amended Complaint.  **If Plaintiff**

**fails to use the court-approved form, the Court may strike the Second Amended**

**Complaint and dismiss this action without further notice.**

**If Plaintiff chooses to file a Second Amended Complaint, it must comply**

**with Federal Rule of Civil Procedure 8, and contain short, plain statements**

**explaining:  (1) the constitutional right Plaintiff believes was violated; (2) the**

**name of the defendant who violated that right; (3) exactly what that defendant**

**did or failed to do; (4) how the action or inaction of that defendant is connected to**

**the violation of Plaintiff's constitutional right; and (5) what specific injury**

**Plaintiff suffered because of that defendant's conduct.**  *See* 42 U.S.C. § 1983; Fed.

R. Civ. P. 8; *see also Humphries*, 554 F.3d at 1184; *Rizzo v. Goode*, 423 U.S. 362,

371-72 (1976).  If Plaintiff fails to affirmatively link the conduct of the defendant with

the specific injury suffered by Plaintiff, the allegation against that defendant will be

dismissed for failure to state a claim.  Conclusory allegations that a defendant has

violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must clearly designate on the face of the document that it is the

"Second Amended Complaint," and it must be retyped or rewritten in its entirety on

the court-approved form.  The Second Amended Complaint may not incorporate any

1   part of the FAC or original Complaint by reference.

2         Any amended complaint supercedes preceding complaints. *Ferdik v. Bonzelet*,

3   963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  After amendment,

4   the Court will treat the FAC and original Complaint as nonexistent. *Id.*  Any claim that

5   was raised in the FAC is waived if it is not raised again in the Second Amended

6   Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

7   **VI.**

8   **ORDER**

9         1.    Plaintiff's claims against Warden Haws, Matthew Cate, E. Goodloe,

10   Appeals Coordinator (John Doe), Assignment Lieutenant (John Doe), P. Boetsch, and

11   Captain Fortson are **DISMISSED** with leave to amend, pursuant to 28 U.S.C.

12   §§ 1915(e)(2) and 1915A, for failure to state a claim on which relief may be granted.

13         2.    All of Plaintiff's due process and equal protection claims, contained in

14   Plaintiff's "THIRD CLAIM FOR RELIEF" in the FAC, are **DISMISSED** with leave

15   to amend, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, for failure to state a claim

16   on which relief may be granted.

17         3.    Plaintiff is given leave to amend and is **GRANTED** up to and including

18   August 9, 2010, to file a Second Amended Complaint curing the deficiencies discussed

19   above.  Plaintiff is **NOTIFIED** that the Second Amended Complaint may not add new

20   claims or new defendants that were not involved in the conduct, transactions, or

21   occurrences set forth in the FAC.  Fed. R. Civ. P. 15(c).  The Second Amended

22   Complaint shall be retyped or rewritten so that it is complete in itself without reference

23   to the FAC, and shall be submitted on the court-approved form.  After amendment, the

24   Court will treat the FAC as nonexistent.

25         4.    If Plaintiff fails to file a Second Amended Complaint by August 9, 2010

26   and/or such Second Amended Complaint fails to comply with the requirements set

27   forth in this Memorandum and Order, the Court may recommend that this action, or

28   portions thereof, be dismissed with prejudice.

14

5.     The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form so that he may amend the FAC.

IT IS SO ORDERED.


DATED: July 7, 2010

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

15